IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM KENNEDY, | Civil Action No.: 10-cv-1405 (CCC-JAD) |
| Plaintiff, | OPINION |
| v. | |
| THE CITY OF NEWARK, et al., | |
| Defendants. | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon motion by William Kennedy ("Plaintiff") for leave to file an Amended Complaint pursuant to Fed. R. Civ. P. 15 and 16. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of the parties, and for the reasons herein expressed, Plaintiff's motion is **granted**.

A. BACKGROUND

On March 16, 2010, Plaintiff filed a complaint against all Defendants claiming a deprivation of constitutional rights pursuant to 42 U.S.C. § 1983, use of excessive force, false arrest and imprisonment, and intentional infliction of emotional distress arising from an incident at the University of Medicine and Dentistry New Jersey ("UMDNJ"), The University Hospital. Plaintiff's complaint also asserted a claim of negligent retention of employment services against Defendant City of Newark. Specifically, Plaintiff alleges that a Newark Police Department officer, later identified as Officer Anthony Bagnano ("Bagnano"), and another unidentified

1

UMDNJ officer assaulted Plaintiff while placing Plaintiff in a police vehicle and subsequently ignored Plaintiff's requests for medical treatment and access to a phone.

On August 12, 2010, the Court entered a Rule 16 Pretrial Scheduling Order which provides that any motion to add new parties and/or to amend pleadings "must be returnable no later than **November 30, 2010**." (Order, ¶¶ 3, 4, ECF No. 8). To be so returnable, the motion should have been filed on November 6, 2010. On February 25, 2011, Plaintiff subsequently filed this motion for leave to file an amended complaint. In his proposed Amended Complaint, Plaintiff seeks to name Bagnano and UMDNJ as additional Defendants.

**B. STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 15, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. The decision whether to grant leave rests within the sound discretion of the court. *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Leave to amend a pleading may be

2

denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

After the deadline in a court's Fed. R. Civ. P. 16 Scheduling Order for amendments of pleadings has passed, however, a motion for leave to amend will be governed by both Rule 15 and Rule 16. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." As such, a party must first demonstrate "good cause" to amend the Rule 16 Scheduling Order in order to extend the deadline to amend pleadings. *Stallings v. IBM Corp.*, 2009 WL 2905471, at *15 (D.N.J. Sept. 8, 2009). Once the party has shown sufficient "good cause" to amend the Rule 16 Order, the Court will then evaluate the proposed amendment under Rule 15(a).

The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. *See id.* at *16 (citing *Dimensional Comm'ns, Inc. v. Oz. Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005) (defendant "could not satisfy Rule 16(b)'s good cause requirement because [it] was in possession of the facts underlying the proposed counterclaim well before the amendment deadline.")); *Prime Ins. Syndicate v. United Risk Mgmt. Services*, 2006 WL 2085388, at *5 (D.N.J. July 25, 2006) ("Plaintiff provided no reason for why it could not have asserted these new claims against Krauze within the requisite deadlines. In fact, in Plaintiff's brief for this appeal, it acknowledges that it 'had knowledge of the OTSC allegations since October 2004.'"); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) ("This is most definitely not a motion in which any of defendant's six proposed new affirmative defenses arose from recent discovery in the case.").

3

C. DISCUSSION

As previously stated, the most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed. *Stallings v. IBM Corp.*, 2009 WL 2905471, at *16 (D.N.J. Sept. 8, 2009). Generally, however, "[d]elay alone cannot be grounds to deny an amendment." *Crocker v. Kooltronic, Inc.*, 2011 WL 689623, at *2 (D.N.J. Feb. 18, 2011) (citing *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J.1990). "[T]he movant must demonstrate that its delay in seeking to amend is satisfactorily explained."[1] *Id.*

In the present matter, Plaintiff filed his motion to amend on February 25, 2011, approximately three months after the deadline to add new parties or amend the pleadings set forth in the Rule 16 Pretrial Scheduling Order. The Court, however, finds that Plaintiff has satisfactorily demonstrated and explained his delay in seeking to amend. According to Plaintiff's Certification,[2] he first remembered that an UMDNJ officer was involved in the incident during or immediately prior to his February 8, 2011 deposition. *See* Affid. of William Kennedy, ¶ 6, ECF No. 18. Since the February 8, 2011 deposition occurred after the deadline to amend, Plaintiff

---

[1] The Court in *Crocker* was addressing the standard under Rule 15, and not Rule 16. The analysis of delay, however, is instructive here, where the delay of three months is relatively minor in the scheme of this litigation.

[2] L. Civ. R. 7.1(d)(1) requires that every motion be supported by "a brief, prepared in accordance with L. Civ. R. 7.2." L. Civ. R. 7.1(d)(4) further provides that "[i]n lieu of filing any brief pursuant to L. Civ. R. 7.1(d)(1), (2), or (3), a party may file a statement that no brief is necessary and the reasons therefor." A motion that is not accompanied by either a brief or a statement that no brief is necessary may be rejected by the court. *Lamberty v. Rosenberg*, 2008 U.S. Dist. LEXIS 25873, at *2 (D.N.J. Mar. 31, 2008). However, a notice of motion that indicates that the relief sought is supported by an affidavit that is attached may be accepted as satisfying the requirements under L. Civ. R. 7.1(d)(1). *See Damiano v. Sony Music Entm't, Inc.*, 168 F.R.D. 485, 489 (D.N.J. 1996). In Plaintiff's Notice of Motion, Plaintiff expressly states that "[m]ovant shall rely upon the annexed Certification of Counsel." (Notice of Motion 1, ECF No. 18). Accordingly, while Plaintiff submitted an Affidavit not indicated in the notice of motion and the Certification of Counsel improperly asserts legal argument, this Court will consider Plaintiff's motion. Counsel is admonished, however, to comply with all of the Court rules henceforth.

could not have added UMDNJ as a party until after the deadline had already passed. Furthermore, while Plaintiff concedes that he received knowledge of Bagnano's identity prior to the deadline to amend through written discovery responses,[3] Plaintiff's counsel explains to the Court that he unsuccessfully attempted to reach Defendants' counsel to get consent prior to filing a motion to amend. (Pl. Reply Br. 1, ECF No. 20).[4] Thus, the Court finds that Plaintiff has provided a satisfactory explanation as to the delay to amend the pleading and has demonstrated "good cause." In addition, the interest of justice demands that Plaintiff should be permitted to proceed against the appropriate party so long as there is no undue prejudice to that party or other parties.

"[P]rejudice must be 'undue' and rise to the level that the non-moving party would be 'unfairly disadvantaged or deprived of the opportunity to present facts or evidence...'" *Crocker v. Kooltronic, Inc.* at *2. To determine whether a party is unduly prejudiced, the Third Circuit has specifically looked to whether the amendment would result in additional discovery, cost, or preparation to defend against new facts or theories. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001) (comparing *Adams v. Gould Inc.*, 379 F.2d 858 (3d Cir. 1984), with *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998), and *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820 (3d Cir. 1978)). Neither Bagnano nor UMDNJ would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence since the incident occurred at UMDNJ and Bagnano was the arresting

---

[3] *See* Cert. of Adanna U. Ugwonali, ¶5, ECF No. 18.

[4] Plaintiff's papers evince some confusion as to when Plaintiff recalled that a UMDNJ officer attacked him and the identification of that officer. The confusion does not change the Court's perception that Plaintiff did not sit on his rights to such a degree that "good cause" to relax the deadline set forth in the Pretrial Scheduling Order does not exist.

officer. The amendment would not result in additional cost or preparation to defend against new facts or theories since Plaintiff's claim has remained the same and related to one incident, which has already been the subject of discovery. Finally, it should be noted that, in granting Plaintiff's motion, the Court relies on the particularly liberal standard adopted by the Third Circuit to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to file an Amended Complaint is granted.

SO ORDERED

_____
JOSEPH A. DICKSON, U.S.M.J.